# DISTRICT OF COLUMBIA *v.* COALE.

APPEALS; RECORD ON APPEAL; MUNICIPAL CORPORATIONS; STREETS AND SIDEWALKS; TRIAL.

1. Where the record on appeal by the defendant in a personal injury case omits the instructions to the jury granted on behalf of the plaintiff, this court will not consider the instructions offered by the defendant, and refused.

2. The District of Columbia is not liable for an injury to a pedestrian who struck his leg against a stake in a reservation in the city of Washington, owned and controlled by the Federal government, however near the stake was to the sidewalk he was using.

3. Where the trial court, in an action against the District of Columbia by a pedestrian who, while walking on a sidewalk, struck his leg on a stake and was injured, granted a special instruction on behalf of the defendant to the effect that the District had no control over the reservation, and no authority to remove the stake in question, but refused to read the instruction to the jury, and ignored it in charging the jury, and told the jury that, if the stake was so near the reservation that pedestrians using the sidewalk might be injured by it, the District was liable, it was *held* that the action of the court was erroneous, and a judgment for the plaintiff was reversed.

No. 1764.    Submitted April 11, 1907.    Decided June 4, 1907.    Motion for Rehearing, June 27, 1907.    Rehearing denied November 1, 1907.

HEARING on an appeal by the defendant from a judgment on verdict of the Supreme Court of the District of Columbia in an action against the District of Columbia to recover damages for personal injuries.    *Reversed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellant.

*Mr. John C. Gittings* and *Mr. Justin M. Chamberlin* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

The record in this case omits the instructions given in behalf of the plaintiff, and does not fully inform us concerning the outlines of government reservation No. 270, nor as to the precise location of a certain stake upon such reservation. There is enough to show that in the record this question determined this appeal.

On October 25, 1905, the appellee, George W. Coale, was walking, while it was raining, on Florida avenue, toward Twenty-first street, when he struck his leg against a stake which appears to have been on the government reservation No. 270, there located, the stake being also near the granolithic sidewalk. The appellee fell heavily, and received injuries for which he brought suit and recovered a verdict in this case.

The court below granted certain instructions in behalf of the plaintiff, refused certain instructions in behalf of the defendant, and granted others. The instructions on one side being omitted from the record, it would be useless to discuss the other instructions. The trial judge declined to read to the jury the instructions he had granted, and his oral charge omits all reference to the one proposition conclusive of the case. The court had instructed the jury as matter of law "that the District of Columbia has not authority or control over government reservations in the District of Columbia, such as the one described in this case, and therefore it was without authority to remove the post in question over which it is alleged the plaintiff stumbled and fell;" but the court did not, in its oral charge, so instruct the jury, but ignored the important question for them, which was, to determine whether or not this partly rotted wooden stake of 3 inches in thickness and about 15 inches above the ground, was or was not upon government reservation No. 270. On the contrary, the court seems to have ignored the instruction it had granted, and to have argued to the jury that, if the stake

was near the apex of this reservation, where pedestrians on the sidewalk might be injured, the District of Columbia would be liable, as in an ordinary case; for injuries sustained by one traveling upon the sidewalk. If in fact the stake was upon the government reservation, the district was not liable. Whether it was a few inches or a few feet within the reservation was not material. The District is not liable, for it has no jurisdiction over this government reservation No. 270, either at its center or at its boundary. It is unfortunate that such a stake remained upon a government reservation, whereby the appellee received the injury for which he sued, but the court below could not legislate, and instruct the jury that the appellant was liable for an injury to the appellee received so near the sidewalk, although outside the limits of the grounds over which the appellant has control with correlative liability.

By the act of June 12, 1858 (11 Stat. at L. 319, 326, chap. 154), the commissioner of public buildings was given power to remove obstructions from streets, avenues, and sidewalks in the city of Washington, and he was directed to keep the same free from obstructions. By a subsequent statute (14 Stat. at L. 457, 466, chap. 167), the duties of the commissioner of public buildings were transferred to the Chief of Engineers of the Army. By the act of July 1, 1898, chapter 543 (30 Stat. at L. 570, U. S. Comp. Stat. 1901, p. 1251), the park system of the District of Columbia was placed under the exclusive charge and control of the Chief of Engineers of the Army, under such regulations as may be prescribed by the President of the United States through the Secretary of War; and the said park system is held to comprise "all public spaces laid down as reservations on the map of 1894, accompanying the annual report for 1894 of the officer in charge of public buildings and grounds." This map shows this public space in question to be reservation No. 270.

The government reservations throughout the District of Columbia are therefore in the exclusive charge and control of the Federal government; and the municipality cannot be made to respond in damages for an injury such as happened to the ap-

pellee, if it occurred because of the neglect or omission of the Federal government. It is no sufficient answer to say that the Federal government heretofore permitted one Early to erect the structure described in the record; for, while it is true the Chief of Engineers and Secretary of War permitted the erection of this structure, they were careful to observe that it did not encroach upon this reservation.

Because the court did not plainly instruct the jury that, if the stake in question was found to have been located upon the government reservation in question, the appellant had no control over its location, and no liability for any negligence happening upon such reservation, and their verdict should therefore be for the defendant, the court erred. On account of this error the judgment must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.　　　　　　　　　　　　　　*Reversed.*

A motion for a rehearing was denied November 1, 1907.