# SCHEUCH v. DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; STREETS AND HIGHWAYS; DISTRICT OF COLUMBIA.

Where, in an action against the District of Columbia to recover damages for injuries caused the plaintiff while he was in a public alley, by reason of a defect in the lid of a coal vault projecting into the alley, and belonging to a building abutting on the alley, and owned by the Federal government, it appears that the coal vault was built under the supervision of an officer of the Federal government, it is error for the trial court to direct a verdict for the defendant, because, whether the vault was built with or without the consent of the District of Columbia, the alley remained under its supervision and control, and it was. charged with the keeping of it in a reasonably safe condition.

No. 2809.   Submitted October 12, 1915.   Decided November 1, 1915.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action to recover damages for personal injuries.                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal by Jacob Scheuch from a judgment upon a directed verdict for the defendant, the District of Columbia, appellee here, in the supreme court of the District in an action for personal injuries caused by the alleged defective condition of a coal-vault cover.

The accident occurred on November 15, 1910, in the public alley in the rear of Ford's Theater Building, which is located on Tenth street, N. W., between E and F streets, in this city. It appears that shortly after the assassination of President Lincoln this building was purchased by the government of the United States, and that in about 1894 a coal vault, which projected 12 feet into the alley, was erected under the supervision

of the then chief of public buildings and grounds. It does not appear by what authority this was done.

At the close of all the evidence, counsel for the District moved for a directed verdict "on the ground that the District of Columbia is in no manner answerable for accidents occurring by reason of defects in the coal-vault lids, because the lids were placed there by an agent of the United States government, although conceding that they were located in and a part of the public alley of which the District has the care." This motion was granted and the case brought here.

*Mr. Alvin L. Newmeyer* and *Mr. Frederick M. Pelzman* for the appellant.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Roger J. Whiteford,* Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In *District of Columbia* v. *Woodbury,* 136 U. S. 450, 456, 34 L. ed. 472, 474, 10 Sup. Ct. Rep. 990, the court said: "The commissioners, having full control of the streets, are under a duty to keep the public ways of the city in such condition that they can be used with reasonable safety." Later in the opinion the court quoted from its opinion in the *Barnes Case,* 91 U. S. 540, 23 L. ed. 440, as follows: "We do not perceive that the circumstance that the fee of the streets is in the United States, and not in the municipal corporation, is material to the case. In most of the cities of the country, the fee of the land belongs to the adjacent owner; and upon the discontinuance of the street, the possession would revert to him. The streets and avenues in Washington have been laid out by competent authority. The power and the duty to repair them are undoubted and would not be different were the streets the absolute property of the corporation."

In the present case we must assume, in the absence of any showing to the contrary, that this public alley, under the super-

vision and control of the District, was not encroached upon by an officer of the Federal government without the consent of the District authorities; and, of course, if such an assumption is indulged in, it necessarily follows that the court erred, since the duty of the District to maintain the alley in a reasonably safe condition for public travel continued.

. But, should we assume that the alley was encroached upon without the consent of the District, in other words, that this official in charge of public buildings and grounds possessed authority independent of the District to build this vault into the alley, the result would be the same. The alley still would be a public alley under the supervision and control of the District authorities, to whom and to whom alone the public rightfully would look for the protection required by law. It is no answer, in our view, to say that the superintendent of public buildings and grounds might have been unwilling to change or have changed these coal-hole covers. We must assume that he would recognize the authority of the District over the surface of this alley, and interpose no obstacle to the performance of its duty under the law. Under either view of the case, therefore, we are clear that the court erred in directing a verdict. The judgment, therefore, must be reversed, with costs, and the cause remanded for a new trial.                    *Reversed and remanded.*