Annie F. CAMPBELL, Plaintiff,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. No. 1477–54.

United States District Court
District of Columbia,
Civil Division.

July 15, 1957.

Charles Newton Ford, Washington, D. C., for plaintiff.

Chester H. Gray, Corp. Counsel, John A. Earnest, Lyman J. Umstead, Assts. Corp. Counsel, District of Columbia, Washington, D. C., for defendant.

PINE, District Judge.

Defendant has moved for judgment n. o. v. or in the alternative for a new trial.

This suit against the District of Columbia grows out of injuries sustained by plaintiff when she fell on the public sidewalk near the southeast corner of 5th and F Streets, N. W. This sidewalk is in front of one of the Municipal Court buildings, but is separated therefrom by an area improved by lawn, trees and shrubs. Her case is predicated on the claim that there were formations of snow and ice on the sidewalk where she fell of such size and location as to be dangerous and unusual in some way other than the original slipperiness caused by the weather conditions and in comparison with general conditions, and that defendant had actual or constructive notice of the condition, had thereafter a reasonable period of time to remove or treat it and make the sidewalk reasonably safe, but failed so to do. If the evidence sustained this claim, along with causation, she was entitled to a verdict under the opinion of the Court of Appeals in the instant case, D.C.Cir., 243 F.2d 226, which reversed a judgment on a verdict in favor of defendant,[1] and also under Smith v. District of Columbia, 89 U.S. App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773.

■ Defendant raises two points on the motion for judgment n. o. v. The first is alleged lack of notice. But this point would seem to be set at rest, adversely to defendant, by the prior opinion of the Court of Appeals herein where the evidence was substantially the same as in this second trial, and where the Court found sufficient evidence of notice. The finding in this respect is apart from the Court's discussion of notice spelled out of the second section of the so-called Snow Removal Act (Sec. 7–802, D.C. Code 1951) which makes it the duty of the District to remove snow and ice from sidewalks adjacent to its buildings, etc. That portion of the opinion of the Court of Appeals is now challenged by defendant on the ground that it erred factually when it found that the sidewalk was adjacent to a building owned or controlled by the District, when in fact it is adjacent to a federal reservation owned by the United States, as hereinafter discussed. But whether in error or not, the requisite notice was not dependent on that part of the Court's opinion.

■ The second point on the motion for judgment n. o. v. is that the third section of the Snow Removal Act, supra, shifted the responsibility of the District for snow removal on this sidewalk to the Director of National Park Service. Sec. 7–803, D.C.Code 1951. On the evidence before me the sidewalk in question was part of the public sidewalk surrounding a federally owned reservation on which is situate the Municipal Court buildings. The section of the Code last referred to makes it the duty of the Director of National Park Service to remove snow and ice from sidewalks in front of or around reservations owned by the United States. The same Act in its first section (Sec. 7–801) also makes it the duty of every private person in control of any building or lot fronting on or abutting a sidewalk, whether as owner, tenant, etc., to cause snow or sleet to be removed therefrom. But the Court of Appeals has held in Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745, 746, that this Act does not "impose on property owners an obliga-

1. Reversed on ground of error in instructions.

tion to pedestrians" and "does not purport affirmatively to make a property owner liable to respond in damages to a pedestrian who is injured by falling on snow which the owner has not removed from the sidewalk". It further holds that "enactments of this kind are generally regarded as legislative efforts to require abutting property owners to aid in the performance of a municipal duty". Following this, the Court in Smith v. District of Columbia, 89 U.S.App.D.C. 7, 189 F.2d 671, 673, in referring to the Radinsky case, stated that the "snow removal law did not change or add to the basic liability of the District Government in respect to safe conditions on the public streets". The Court of Appeals in the instant case, in referring to the Snow Removal Act, does not purport to modify the earlier opinions in any manner but limits its opinion to a holding that the Act imputed notice to the District. This, as above stated, is now challenged by defendant on the basis that the sidewalk is "in front of" or "around" a federal reservation and not District owned property, but an instruction on notice under the Court of Appeals opinion was withdrawn by plaintiff and is not in the case. The Court of Appeals having held, as above stated, that the basic liability of the District in respect of public streets remains unchanged by the Snow Removal Act, and that the Act does not impose on private property owners an obligation to pedestrians, although the opinion refers to "owners" generally, I can perceive no basis for holding to the contrary in this case where the sidewalk is "in front of" or "around" property owned by the federal government.

■ Finally, on a motion for judgment n. o. v. the Court must construe the evidence most favorably to plaintiff and give her the benefit of every legitimate inference. If, upon the evidence so construed, reasonable men might differ, the motion should be denied.[2] So construed, I believe reasonable men might differ as to whether plaintiff established the essential elements of her case, and that therefore the case was properly submitted to the jury. The motion for judgment n. o. v. will therefore be denied.

■ So far as the motion for new trial is concerned, defendant raises several points. It contends, among others, that it was unaware that the section of the Snow Removal Act applicable to the District (Sec. 7–802, D.C.Code 1951), above referred to, "would not be an element in the case", presumably on the question of notice, until plaintiff withdrew her instruction submitted on this point, and that at that time it was too late for defendant to proceed to call witnesses to show what efforts had been made to cope with the problems created by the snow storm in question. This argument seems hardly tenable when it is considered that defendant opposed the granting of the instruction as submitted by plaintiff (or as tentatively proposed by the Court who found that the one submitted went beyond the issue of notice) on the ground that the opinion of the Court of Appeals on this point was based on a factual error and therefore should not be followed. Defendant also withdrew a submitted instruction (No. 6) which was obviously prepared on the assumption that it would call witnesses of the character referred to, but instead stood on a requested instruction (No. 10) which was denied and which would have told the jury, so far as plaintiff was concerned, that it was the duty of the Director of National Park Service to remove snow and ice and to make the sidewalks in front of federal reservations reasonably safe. While this is taken from the Snow Removal Act, it is irrelevant to the issue of liability of the District to plaintiff, under the law as I find it, hereinabove discussed, and in accordance with which the jury was instructed. In addition, after the withdrawal of the requested instruction by plaintiff, defendant did not ask to reopen the case for the

2. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102,

143 F.2d 142; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380.

purpose of calling the witnesses to which he now refers, and the record will show that counsel would have had no basis for believing such a request would have been unavailing.

I have considered the other points raised by defendant in the light of the record, and am of the opinion that they are not well taken. Accordingly the motion for a new trial will be denied.