Mary C. **LEARY**, Plaintiff,

v.

**DISTRICT OF COLUMBIA**
and
**United States of America.**

Civ. A. No. 1349-57.

United States District Court
District of Columbia,
Civil Division.

Aug. 20, 1958.

George C. Updegraff, Washington, D. C., Ellen Lee Park, Asst. U. S. Atty., Washington, D. C., for petitioner.

David Shapiro, Washington, D. C., for respondents.

YOUNGDAHL, District Judge.

The matter is before the Court on motions for summary judgment filed by both defendants in the case. The facts giving rise to the motions are briefly stated.

Plaintiff, on December 13, 1956, fell on the sidewalk on the south side of C Street, S. W., between 12th and 13th Streets. Plaintiff sued the United States

Government and the District of Columbia alleging negligence in the failure to provide and maintain the sidewalk in a proper condition for pedestrians.

The property upon which plaintiff fell is owned by the United States Government, having been acquired by purchase and condemnation in 1931 and 1932.

The sidewalk itself, however, was built by the District of Columbia in 1934 although—contrary to normal practice—paid for by the United States. Repairs were made on the sidewalk on April 6, 1953 and December 14, 1956, by the District of Columbia. There is no evidence that the United States ever repaired the sidewalk in question.

The motions filed by the United States and the District are both based on absence of control on the part of the movant and each seeks to place sole responsibility upon the other.

■ The motion with respect to the District is easily disposed of. It is clear to the Court that whether it had the prime responsibility in this case or not, having constructed the sidewalk and repaired it, it is liable if these actions were done negligently and were the proximate cause of the plaintiff's injuries as alleged in the complaint.

■ The motion of the United States is more difficult. The United States Government cites the case of Barnes v. District of Columbia, 1875, 91 U.S. 540, 23 L.Ed. 440 and following it, District of Columbia v. Woodbury, 1890, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472, which held that although the fee is in the United States Government, the District of Columbia has the primary duty to maintain the streets in proper condition. In none of these cases was the question of liability on the part of the United States presented to the Court. However, the language appears to indicate that only the District is liable for accidents arising out of improper construction or maintenance of the city streets. This Court would be inclined to agree that this is the situation here were it not for two disturbing facts.

It is to be noted that the United States Government acquired the fee to this property by special condemnation in 1931. This fact standing alone would perhaps not be enough to change the implication in the Barnes holding. However, three years later, when the sidewalk was built, the United States paid for the construction, although the District did the actual work. This indicates to the Court sufficient contact with the property to bring it within the statutory exception provided for in D.C.Code Title 7, Sec. 102:

> "The Commissioners of the District of Columbia shall have the care and charge of, and the exclusive jurisdiction over, all the public roads and bridges, except such as belong to and are under the care of the United States, * * *."

The exception is with respect to roads that "belong to" and are "under the care of" the United States. It is undisputed that the road here "belongs to" the United States and at this juncture of the case it has not been sufficiently shown to the Court that as a matter of law this road was not also "under the care of" the United States so as to justify granting summary judgment.

The motion for summary judgment on the part of both defendants is denied.

Counsel will present the appropriate order.