Norman KLOTZ, Plaintiff-Appellee

v.

SEARS, ROEBUCK & CO., Defendant-Appellant.

No. 12575.

United States Court of Appeals Seventh Circuit.

June 5, 1959.

Burton Y. Weitzenfeld, Chicago, Ill. (Edward J. Griffin, Chicago, Ill., on the brief), for defendant-appellant.

Frank J. Mackey, Jr., Chicago, Ill. (Louis P. Miller, Chicago, Ill., of counsel, on the brief), for appellee.

Before DUFFY, Chief Judge, and MAJOR and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action was brought by plaintiff-appellee, Norman Klotz, hereinafter called plaintiff, against Sears, Roebuck & Co., defendant-appellant, hereinafter referred to as defendant, to recover damages for personal injuries sustained as a result of the explosion of a sprayer purchased from defendant. As a result of the injuries it was necessary to remove plaintiff's left eye. The jury returned a verdict for plaintiff assessing damages at $100,000.00. The District Court entered judgment on the verdict and denied defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Defendant appealed. It contends the trial Court erred in failing to grant a new trial. The contested issues are: First, did statements by plaintiff's witnesses and by plaintiff's counsel in his argument to the jury constitute reversible error? Second, did the trial Court err in its instruction to the jury regard-

ing loss of future earnings? Defendant asserts that prejudicial statements and the erroneous instruction deprived it of a fair trial.

Plaintiff contends that no reversible error exists because the statements complained of either were not objected to or objections were sustained and the jury instructed to disregard them, that the instruction challenged was proper and that there is no clear showing of abuse of discretion by the trial Court in denying the motion for a new trial.

In the early part of June, 1955, plaintiff purchased a sprayer from defendant. It was of the type commonly used for spraying trees and shrubbery and was composed of two parts—a tank with hose and nozzle, and a pump assembly. During 1955 the sprayer was used ten or fifteen times and during 1956 several times.

On July 5, 1956, while plaintiff was using the sprayer it exploded. The bottom section separated from the cylinder. Plaintiff sustained two cuts on his face and the loss of his left eye. At the time of the incident plaintiff was 26 years of age and was completing the third semester of University studies in Architectural Engineering. After the injury he did not return to his University studies but has been gainfully employed since November, 1956—first in construction work and at the time of the trial as an account clerk with an Insurance Company. Plaintiff testified that in connection with his architectural studies he was required to do freehand sketching, which he can still do, but that the loss of his eye has affected his ability to put depth perception into his sketches. That it had no effect on his ability to do construction scale drawings. The testimony conflicted as to whether the explosion was caused by a defect which occurred during the process of the manufacture of the sprayer or was caused by corrosion resulting from failure to rinse out the sprayer after use. The directions for the use of the sprayer contained in-structions that it should be rinsed out after each use.

During the course of argument to the jury plaintiff's counsel, after having twice entreated the jurors to "do unto others as you would have them do unto you" asked the jury to test the sincerity of the argument to be made on behalf of the defendant by what defendant's counsel would "have taken for his eye". The Court on the defendant's objection instructed the jury to disregard the remark.

Earlier plaintiff's counsel had stated "I don't think, ladies and gentlemen, no matter how much money this man is awarded—and I am telling Mr. Parsons [1] to tell us what he will take for his eye, when he was 28—no matter what you give him it won't be enough".

At another point, over defendant's objection, reference was made to a hypothetical discussion between plaintiff and a friend of the same age, also attending school, in which, on the assumption that an eye could be successfully transferred from one person to another, plaintiff seeks to purchase his friend's eye. Plaintiff's counsel was permitted to pose the rhetorical question "What is the eye worth and what could you get anybody to give it to you for?" Before reference was made to this hypothetical discussion plaintiff's counsel had stated "Back in 1956 Sears, Roebuck and Company bought Mr. Klotz' eye. It is your job today to decide what he is going to sell it for." This followed a reference to the effect that the defendant fixes the prices of things it sells "and you pay it or else". Defendant objected and the Court advised the jury that they could disregard the remark.

Plaintiff's counsel closed his argument with the plea "We ask you to give us the kind of deal that you would want to get".

These remarks made by plaintiff's counsel were in effect pleas that the jury permit sympathy, rather than the facts in evidence to determine the issues.

1. Defendant's counsel.

This type of appeal to sympathy or charitable considerations falls within the class of argument condemned in F. W. Woolworth Co. v. Wilson, 5 Cir., 1934, 74 F.2d 439, 98 A.L.R. 681, where plaintiff's counsel asked the jurors if they would be willing to put themselves in plaintiff's position for a few paltry thousand dollars. The court stated at pages 442–443:

> "The appeal to the jury to put themselves in plaintiff's place was improper. One doing that would be no fairer judge of the case than would the plaintiff herself. * * * Sympathy for suffering and indignation at wrong are worthy sentiments, but they are not safe visitors in the courtroom, for they may blind the eyes of Justice. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel. In judicial inquiry the cold clear truth is to be sought and dispassionately analyzed under the colorless lenses of the law."

See also Bale v. Chicago Junction Ry. Co., 259 Ill. 476, 480, 102 N.E. 808.

The fact that the defendant did not object to some of the remarks and on objections the Court instructed the jury to disregard others does not, in our view, on the record before us, sustain the District Court's denial of a new trial.

Prejudicial argument of counsel of the character here indulged in is sufficient cause for reversing a judgment even though the trial court has sustained objections to the statements and directed the jury to disregard them, Westbrook v. Chicago & N. W. Ry. Co., 248 Ill.App. 446, 451.

We are mindful of those decisions including that of this Court in Jennings v. Murphy, 7 Cir., 1952, 194 F.2d 35, that the granting or refusing of a motion for a new trial rests within the sound discretion of the trial court and its ruling is not to be disturbed without a showing of a manifest abuse of discretion.

We think the question of liability was close on the facts and the damages assessed are very substantial.

The nature of the remarks, their number and repetition, when considered in connection with the record as a whole, evidences a deliberate appeal to the jury to substitute sympathy for judgment and impels us to reverse and remand for a new trial. It thus becomes unnecessary to consider the question raised with regard to the instruction.

The judgment of the District Court is reversed and the cause remanded for a new trial.