Joyce Marie **CONNER** and James E. Conner, Plaintiffs,

v.

**UNITED STATES** of America and District of Columbia, Defendants.

Civ. A. No. 1873-67.

United States District Court, District of Columbia.

Feb. 2, 1970.

Denver H. Graham, Brault, Graham, Scott & Brault, Washington, D. C., for plaintiffs.

Stanley F. Robdell, Asst. Corporation Counsel, Washington, D. C., for District of Columbia.

Arnold T. Aikens, Asst. U. S. Atty., Washington, D. C., for the United States of America.

## MEMORANDUM

CHARLES F. McLAUGHLIN, Senior District Judge.

This matter is before the Court on the Motion of the Defendant, District of Columbia, for Judgment Notwithstanding the Verdict, or in the Alternative for a New Trial.

On March 21, 1966, the Female Plaintiff tripped over a rise in the brick portion of the sidewalk on the south side of Pennsylvania Avenue, between 12th and 13th Streets, N.W., sustaining injuries to her knee. She testified that the brick portion of the sidewalk on which she was walking was adjacent to the concrete portion thereof and formed a continuous part of the whole sidewalk. She further testified that she had walked on the brick portion of the sidewalk due to the presence of two trucks owned by the United States which were parked on the concrete sidewalk and partially blocking its use by her and by other pedestrians on their way to work that morning. The suit against the District of Columbia was pursued on the theory that it was negligent in failing to correct the defective condition in the sidewalk after

it had actual notice, or in the exercise of reasonable care and caution should have had notice of the condition. The husband of the Female Plaintiff joined the suit and filed a claim for loss of consortium. After the jury returned a verdict in favor of the Female Plaintiff for $7,500.00 and against the Male Plaintiff, the District of Columbia filed the present Motion.

The basic grounds urged in support of the Motion are as follows: (1) As a matter of law, the United States and not the District of Columbia had the duty to maintain the sidewalk in question in a reasonably safe condition; (2) assuming arguendo that the District had the duty to maintain the sidewalk, there was no showing that they had either actual or constructive notice of the defect; (3) the Court erred in not giving further instructions on contributory negligence proffered by the District of Columbia; and (4) the closing argument of Plaintiff's counsel was so prejudicial as to require a New Trial.

For the reasons which follow, the Court is of the opinion that none of the grounds urged by the District require either the entering of Judgment Notwithstanding the Verdict or the granting of a New Trial, and the Motion is therefore denied in both respects.

■ Grounds two through four urged by the District require no elaborate detail in disposing. The Court concludes that on the basis of the record adduced at trial the evidence is sufficient to raise a jury question as to whether the District had actual or constructive notice of the defective condition of the sidewalk. None of the cases cited by the District on this proposition would justify a different conclusion. Indeed, the Supreme Court case of District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472 (1890), states on the question of notice, "Every such case must be determined by its peculiar circumstances." [1] The question

of notice is a factual one and the Court is satisfied that the Plaintiff in the instant case carried its burden on this question.

■ In the court's opinion its instructions on contributory negligence were adequate and sufficiently detailed to apprise the jury that they should find the Female Plaintiff to be derelict concerning her own safety she would be precluded from recovery. The proffers of the District of Columbia were cumulative in effect and added nothing new which the Court's own instructions did not cover.

With regard to the alleged prejudicial nature of the closing argument of Plaintiff's counsel, the Court notes that the case of Klotz v. Sears Roebuck and Co., 267 F.2d 53 (7th Cir. 1959), cited by the District is completely inapposite. In *Klotz* the comments of counsel as to the price of an eye were so inflammatory and uncalled for as to require remedial action. Here, the Court is convinced that Plaintiff's counsel at no time exceeded the bounds of propriety and professional responsibility. In addition, the Court notes in passing that no objection was made to counsel's approach either during his argument or at any time prior to the filing of this Motion.

The first ground urged by the District in support of its Motion is not without difficulty. The many cases and authorities cited by both sides necessitate a detailed review of this question in order to effect a responsible disposition.

■ The first case relied upon by the District in support of its position that the United States had the primary responsibility for maintaining the area in question is the case of District of Columbia v. Coale, 30 App.D.C. 143 (1907). In *Coale* the plaintiff was walking on Florida Avenue toward twenty-first street when he struck his leg against a stake which was *concededly* on "government reservation No. 270", but near the sidewalk. The trial court refused to in-

struct the jury that if the stake itself was on the government reservation the District would not be liable. From a jury verdict for the plaintiff, the District appealed. On appeal the verdict for the plaintiff was reversed.

This case does not support the District's position in the instant action however. In *Coale* the Court said:

"* * * [I]f the stake was near the apex of this reservation, where pedestrians on the sidewalk might be injured, *the District of Columbia would be liable, as in an ordinary case for injuries sustained by one travelling upon the sidewalk.* If in fact the stake was upon the government reservation the District was not liable. Whether it was a few inches or a few feet within the reservation was not material. The District is not liable, for it has no jurisdiction over this government reservation No. 270 either at its center or at its boundary." [2]

Thus it can be seen that *Coale* has no applicability to the present case. If anything *Coale* militates against the District of Columbia's position in the present case, for it says that if this stake had been on the sidewalk rather than on the government reservation as was conceded, the District would have been liable to the plaintiff "as in an ordinary case for injuries sustained by one travelling upon the sidewalk."

Another case relied upon by the District is the District Court case of *Leary v. District of Columbia and the United States,* 166 F.Supp. 542 (D.C.D.C.1958). In *Leary* the plaintiff fell on a sidewalk on the south side of C Street, S.W., between 12th and 13th streets. She sued both the District and the United States, charging both with negligence in failing to maintain the sidewalk in a safe condition for pedestrians. Both the District and the United States moved for summary judgment on the ground that

the control of the sidewalk was exclusively the responsibility of the other.

The facts giving rise to the motions were that the United States had acquired the property on which the plaintiff fell by purchase and condemnation in 1931 and 1932; that the sidewalk itself was built by the District in 1934 and was paid for by the United States and that the District had repaired this sidewalk on occasion subsequent to its being built.[3]

The trial court (Judge Youngdahl) denied the motions of both the District and the United States, basing its ruling as to the District on the ground that it would be liable to the plaintiff if it had negligently constructed or repaired the sidewalk and observing that this would be true whether or not the District had the prime responsibility for maintaining it.

With regard to the motion of the United States, the trial court characterized the problem as "more difficult." [4] The Government cited the authority of Barnes v. District of Columbia, 91 U.S. 540, 23 L.Ed. 440 (1875), and District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472 (1890), for the proposition that although the fee to the streets and sidewalks of the District may be in the United States, the District of Columbia has the primary duty to maintain the streets in proper condition. In its ruling on the motion of the United States the trial court pointed out:

"In none of these cases was the question of liability on the part of the United States presented to the Court. However, the language appears to indicate that only the District is liable for accidents arising out of improper construction or maintenance of the city streets. *This Court would be inclined to agree that this is the situation here were it not for two disturbing facts.*" [5]

---

2. 30 App.D.C. at p. 145 (Emphasis added).

3. 166 F.Supp. at p. 543.

4. Id.

5. 166 F.Supp. at p. 543 (Emphasis added).

The "disturbing facts" to which the trial court refers are that the United States acquired the fee to the property in question by special condemnation in 1931, and three years later the United States paid the District of Columbia for the construction of a sidewalk thereon. Taking into account both of these facts[6] the trial judge ruled that for purpose of this summary judgment, the United States had sufficient contact with the property to bring Title 7, Section 102 of the D.C.Code into play. This Code section imposes upon the Commissioners of the District of Columbia the care and charge of all public roads and bridges, "except such as belong to and are under the care of the United States".[7]

Thus it is apparent that in *Leary* the motion for summary judgment by the United States would have been granted under the authority of *Barnes* and *Woodbury* had it not been for the special facts, alluded to above  Indeed, *Leary* supports the position of the Plaintiffs in the instant case in its statement that fee ownership alone, without more, is insufficient to hold the United States liable for defects in public streets. In the present case, as will be mentioned again later, the District offered no evidence to support its contention that the United States had the primary responsibility for the area in question, other than a general map of the city purportedly showing that the fee in all the streets and sidewalks of the city is in the federal government.

The District of Columbia places heavy reliance on the case of Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769 (1962), wherein the Court of Appeals held that as between the District and the United States, the latter had the primary duty of clearing snow and ice from a sidewalk adjacent to a federal building. The Court founded its decision on Sections 7–802 and 7–803 of the D.C.Code, the so-called Snow Removal Act. However, the *Daniels-Lumley* court did not overrule, and indeed was very careful to distinguish, two prior cases in this jurisdiction. In Smith v. District of Columbia, 89 U.S.App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773 (1951), the Court of Appeals stated explicitly "The snow removal law did not change or add to the basic liability of the District Government in respect to safe conditions on the public streets".[8] In Campbell v. District of Columbia, 153 F.Supp. 730 (D.C.D.C.1957) in an opinion by Judge Pine it was held that even though the Snow Removal Act makes it the duty of the Director of the National Park Service to remove snow and ice from sidewalks in front of or around reservations owned by the United States, and even though the plaintiff fell on a public sidewalk surrounding such a federally owned reservation, the District of Columbia was nevertheless liable for the Plaintiff's injuries in a fall due to dangerous and unusual sidewalk formations of snow and ice of which the District had actual or constructive notice for a reasonable period of time.

Thus *Daniels-Lumley* does not support the position of the District in its present motion. The instant case does not involve accumulations of snow and ice, therefore Sections 7–802 and 7–803 of the Code have no applicability. And any reasoning by analogy from *Daniels-Lumley* to the present situation is precluded not only by the *Smith* and *Campbell* cases, but also by the approach of the *Daniels-Lumley* court itself which carefully distinguished the prior two cases factually.

---

6. 166 F.Supp. at p. 543, of the opinion it is pointed out explicitly that the fact that the United States acquired the fee to this property by condemnation in 1931, would not be sufficient, standing alone, to change the *Barnes* decision.

7. In the 1967 edition of the D.C.Code this section is still numbered 7–102.

8. 89 U.S.App.D.C. at p. 9, 189 F.2d at p. 673, 39 A.L.R.2d 773.

The District refers the Court to Sections 7–1207 and 7–1208 of the Code and urges that these sections control the instant action. These sections deal with the duties of the Director of the National Park Service with respect to the placing and removing of obstructions on streets and sidewalks of the city which have been "improved in whole or in part by the United States". However, as was said earlier, the District offered no evidence at trial on this point and was content to prove only that the fee to the streets and sidewalks of the District is in the United States. Moreover, there has been no case cited by the District which holds that these sections were ever intended to transfer the primary duty of keeping the sidewalks of the city reasonably safe for pedestrians from the District to the United States.

The Court is persuaded that the *Barnes* and *Woodbury* cases, *supra*, are controlling here. The basic proposition of these cases—that regardless of who owns the fee in the streets and sidewalks of the city, the District of Columbia has the primary responsibility for maintaining those streets in a reasonably safe condition—is definite and has never been overruled.[9] This proposition is buttressed by undisturbed authority in this jurisdiction, arising out of a number of trip and fall instances that have resulted in suits against the municipal government, wherein liability is imposed upon the District for its breach of this duty to keep the streets reasonably safe for the use they were intended.[10] The District has offered no proof or other special circumstances which would except this case from the operation of the general rule.

9. See Also, Scheuch v. District of Columbia, 44 App.D.C. 118, (1915) and Dotey v. District of Columbia, 25 App.D.C. 232 (1905).

10. See, e. g., Elliott v. District of Columbia, 82 U.S.App.D.C. 64, 160 F.2d 386

(1947) ; District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 327 F.2d 863 (1963) ; Klein v. District of Columbia, 133 U.S.App.D.C. 129, 490 F.2d 164 (1969).