Debra Lynn SHROYER, by Jon R. Shroyer, her next friend, and Jon R. Shroyer, individually, Plaintiffs-Appellants,

v.

Barbara H. KAUFMANN, Defendant-Appellee.

No. 17491.

United States Court of Appeals,
Seventh Circuit.

May 22, 1970.

Charles W. Hendrix, of Mitchem, Hendrix & Aldeen, Urbana, Ill., for plaintiffs-appellants.

Thomas C. Stifler, III, Stifler & Snyder, Danville, Ill., for defendant-appellee.

Before KNOCH, Senior Circuit Judge, CUMMINGS, Circuit Judge, and GORDON,* District Judge.

KNOCH, Senior Circuit Judge.

Plaintiffs-appellants, Debra Lynn Shroyer, by Jon R. Shroyer, her next friend, and Jon R. Shroyer, individually, brought suit in the United States District Court on a two-count Complaint, first, to recover damages for personal injuries suffered by Debra Lynn Shroyer allegedly due to the negligent operation of her automobile by defendant-appellee, Barbara H. Kaufmann, and second, to recover damages incurred by Jon R. Shroyer for medical expense attendant on the injury to his daughter Debra Lynn.

On a jury verdict of not guilty, the District Judge entered judgments for the defendant from which this appeal is taken.

* Judge Gordon of the United States District Court for the Eastern District of Wisconsin is sitting by designation.

The record in this case discloses briefly the following. The Shroyer home was on Route 150 about three miles west of Federal Interstate 57 in Champaign County, Illinois, on the south side of the road. The Shroyer mail box was on the north side of the road. On the day of the accident, January 31, 1966, Mrs. Shroyer, who was ill, sent her daughter Debra Lynn, aged nine years, to get the mail. The highway was eighteen feet wide, with no shoulders. The child was observed crossing over to the mail box by two witnesses driving west: Herschel Roth and Leon Poll. She got the mail out of the box, turned to the road, waited for Mr. Poll's truck driving in a westerly direction to pass and crossed back toward the south side of the road. About one or two feet from the south side, she was struck by the defendant's car going east.

The defendant testified that she first saw Debra Lynn when the child was 25 to 30 feet west of her, close to the center of the highway, that, as she slammed on the brakes and turned to the right, swerving off the road, through her side window she saw the child running in a straight line across the road.

Defendant stresses other facts brought out in the evidence. Defendant was driving only fifty miles per hour in a sixty-five mile zone, in the proper south, right-hand lane. There was a hill and a curve in the road approaching the scene of the accident. Defendant testified that what she did see, in the left-hand lane, approaching her, was a truck which she later learned was the Poll truck. This was a half-ton pick-up truck with a camper body enclosed in solid plywood reaching down to the bed of the truck and covering the width of the truck bed.

Mr. Poll testified that after he saw Debra Lynn go to the mail box, he saw defendant's car at the top point of the hill to the west. He then passed the child. Mrs. Jennie Roth testified that the car in which she was riding was behind the Poll truck, going in the same direction, and that, after the Poll truck passed, Debra Lynn looked to the east in the direction of the Roths before "skipping" across the road. Defendant described the child as "running" from behind the Poll truck, looking east. None of the witnesses described the child as ever looking west, the direction from which the defendant was coming, and nobody described her as merely walking across.

In the course of his closing argument to the jury, defense counsel said:

Now, the way we try to tell you folks, and it's been in the law a long, long while, the way that we try to tell you to guide yourself in a case such as this and in any automobile case is to decide what you would have done under the same circumstances.

In response to objection, the Trial Court said:

Confine yourself to the evidence. Proceed.

Later defense counsel said:

Now you're asked to return this large amount of money to Debra Shroyer. Now for what? For what? Just to punish this girl? That's all—substantially the only thing I can see.

After objection to that, the Trial Judge only said: "Proceed."

Plaintiffs also complain that at other points in his argument, defense counsel made other remarks (to which objection was not interposed at the time and which were not included in the motion for a new trial) asking what "you" do in certain situations in driving, referring to the defendant as a fine young lady driving within the limits of the law, characterizing the amount of damages sought as "astronomical" and partaking of the nature of "punishment" of the defendant.

■ Plaintiffs argue that suggesting the jury place themselves in the position of a party to the cause is improper. We agree.

In Klotz v. Sears, Roebuck, 7 Cir., 1959, 267 F.2d 53, cert. den. 361 U.S. 877, 80 S.Ct. 141, 4 L.Ed.2d 114, on which plaintiffs rely, the remarks were

considerably more serious than here. The plaintiff's attorney in *Klotz* repeatedly asked the jury to "do unto others as you would have them do unto you", said that defendant should be made to "purchase" the eye plaintiff had lost, and asked what an eye was worth and "what could you get anybody to give it to you for?"

In reversing the very substantial judgment for the plaintiff and remanding the cause for a new trial, Judge Castle, speaking for this Court, considered the nature of the remarks, their number and repetition in the light of the record as a whole, as showing a deliberate appeal to the jury to substitute sympathy for judgment, although the Court was mindful of its own decisions (cf. Jennings v. Murphy, 7 Cir., 1952, 194 F.2d 35, 38) that granting or refusing motion for a new trial rests within the sound discretion of the Trial Judge whose ruling is not to be disturbed without a showing of manifest abuse of discretion.

Defendant replies that in context the remarks of which complaint is made were not prejudicial, stressing the fact that they were made in the light of instructions counsel knew the Court would give that the jury should bring into consideration of the evidence the everyday commonsense and judgment of reasonable men and women, and were made in direct response to plaintiffs' counsel's argument to the jury using such expressions as "this is what your child and mine would do. * * *" Plaintiffs, in turn, feel that those expressions were harmless as counsel concluded that the little girl conducted herself as any reasonably careful child of her age, a standard he mentioned several times. Defendant also notes that in his final argument to the jury, plaintiffs' counsel consistently and repeatedly said "you" when beginning, "Each of you drive an automobile, I believe," he went on to discuss what "you" do in driving and what "you" see, which plaintiffs think was not misleading in context. In oral argument, counsel said "you" in that respect was a synonym for "one". We think it could easily have been so understood in the arguments of both counsel.

In the light of the record as a whole we do not believe that there was a deliberate appeal to the jury to substitute sympathy for judgment.

Defense counsel's statement of the law was error. While the Trial Judge did not clearly sustain the objection, his direction to "confine yourself to the evidence" was clearly a rebuke to counsel. Adequate instructions in the proper standards were later given to the jury. In the circumstances of this case we do not conclude that there was so manifest an abuse of discretion as to justify our disturbance of the Trial Judge's ruling on the motion for new trial.

Plaintiffs also contend it was error to refuse to instruct the jury:

An adult motorist will not be absolved of the charge of negligence in failing to look by testimony that he looked and did not see.

Plaintiffs' counsel argued to the jury that the evidence showed that defendant had a considerable period of time in which to observe and failed to do so; that it was in itself negligence that defendant did not see the child crossing to the mail box, or at the mail box, but only when she came out from behind the truck. Plaintiffs contend that the jury were never told that defendant was not fulfilling her duty if she merely looked but failed to see what was before her eyes.

The Trial Judge rejected this instruction as singling out one phase of the problem: the adult motorist. He did give the following instruction:

One driving a motor vehicle upon a public highway must be on the lookout for other cars or persons and must use reasonable precaution to avoid a collision. It is for the jury to determine from all the evidence whether the defendant kept a proper lookout and exercised reasonable precaution to avoid the occurrence in question. In other words, whether the defendant used reasonable care just before and at the

time of the occurrence for the safety of herself and the safety of others.

■ We believe that the jury was adequately instructed and could not have been misled by the instructions given. We find no error in the charge to the jury.

The judgment of the District Court is affirmed.

Affirmed.