Joyce Marie CONNOR et al.

v.

UNITED STATES of America,
Appellant,

District of Columbia (two cases).

Nos. 24348, 24349.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 22, 1971.

Decided March 21, 1972.

Mr. Philip L. Cohan, Asst. U. S. Atty.,
with whom Messrs. Thomas A. Flannery,
U. S. Atty., at the time the brief was
filed, John A. Terry and Arnold T. Aik-
ens, Asst. U. S. Attys., were on the brief,
for appellant in No. 24348.

Mr. Ted D. Kuemmerling, Asst. Corp.
Counsel for the District of Columbia,
with whom Messrs. C. Francis Murphy,
Corp. Counsel, and Richard W. Barton,
Asst. Corp. Counsel, were on the brief,
for appellant in No. 24349.

Mr. Denver H. Graham, Washington,
D. C., with whom Messrs. Leo A. Roth,
Jr., and Albert E. Brault, Washington,
D. C., were on the brief, for appellees.

Before BAZELON, Chief Judge, and
LEVENTHAL and ROBINSON, Circuit
Judges.

LEVENTHAL, Circuit Judge:

This is a tort case taken out of the
ordinary only by the fact that the de-
fendant-appellants are the District of

Columbia and the United States, and that their positions diverge on questions of allocation of responsibility and jurisdiction.

## I.

The District of Columbia appeals from a judgment assessed against it, by virtue of a jury verdict, because of a defect in the sidewalk (protruding brick) which caused plaintiff to stumble. In general, the District of Columbia is like other municipalities in having a duty to repair sidewalks, albeit the obligation of other municipalities is predicated on ownership of the streets, and in the District of Columbia the streets are owned by the United States, with the obligation placed on the District by Federal law.

The District of Columbia appeals from the judgment on the ground that the sidewalk was adjacent to a Federal building. The District claims that a recent statute gives exclusive jurisdiction to the Federal Government of sidewalks adjacent to Federal buildings. The United States takes a different approach as to the effect of the new statute, and so do we.

The statute involved, 40 U.S.C. § 490 (i) (1) (Supp. III, 1965–67) was passed in order to permit the Federal Government to repair sidewalks (adjacent to Federal buildings) and to reimburse city governments which undertook to repair the sidewalks.* Its main purpose was to permit the Federal Government to be a good neighbor, and to reimburse the city government, like any other property owner, even though it was not constitutionally subject to a municipal "assessment."

The fact that the D.C. Government was able to collect from the Federal Government, by an agreement with GSA, for the cost of repairing sidewalks does not mean it lacked obligation to make the repairs in the first instance, any more than it could avoid liability for failing to make repairs on property owned by the city because the adjoining landowner could be required to compensate the city through a benefit assessment.

The D.C. Government points out that the new law authorized the General Services Administration (GSA) to exercise exclusive jurisdiction. That is so. The new law authorizes the GSA to make the repairs, and it also authorizes the GSA to depart from state standards. We think a fair rendering of the effect of the new law is this: First, it assimilates the Federal Government to the position of any landowner. Second, it also permits the Federal Government to go further and exercise exclusive jurisdiction. But unless and until the Federal Government has taken action to exercise exclusive jurisdiction, the city government's jurisdiction is not impaired—and neither is its responsibility. The fact that the Federal Government made a repair subsequently does not show that it previously exercised exclusive jurisdiction. We do not think the District of Columbia can avoid liability unless and until the Federal Government has exercised exclusive jurisdiction—either overtly, or by agreement or some other writing.

## II.

The Federal Government appeals from the judgment against it on the ground of lack of negligence, lack of proximate cause, and presence of contributory negligence. The Federal Government had trucks blocking the sidewalk in violation of a D.C. regulation. That had the predictable effect of causing congestion in the rest of the sidewalk, and causing pedestrians to walk in places which were unfamiliar. This fact pattern is enough to sustain the findings of negligence, proximate cause, and lack of contributory negligence vitiating the claims, which were made by the District Court, without a jury. We see no basis for overturning its exercise of the fact-finding function.

Affirmed.

* See S.Rept. 811, 89th Cong., 1st Sess. (1965).