Sandra D. LOVITT, Plaintiff,

v.

DISTRICT OF COLUMBIA, Defendant
and Third–Party Plaintiff,

v.

UNITED STATES of America,
Third–Party Defendant.

Civil Action No. 93–516 (EGS).
Document Nos. 38, 58.

United States District Court,
District of Columbia.

June 29, 1995.

---

Gary C. Christian, Christian, Devarajan &
Smith and Kenneth Hyden Shepherd, Wash-
ington, DC, for plaintiff.

Judith K. Rayner, Office of the Corpora-
tion Counsel for D.C., Washington, DC, for
defendant and third-party plaintiff.

Keith Morgan, Assistant United States At-
torney, Washington, DC, for third-party de-
fendant.

## MEMORANDUM AND ORDER

SULLIVAN, District Judge.

This matter is before the court upon third-
party defendant United States' Renewed Mo-
tion for Summary Judgment; the motion was
supported and joined by defendant District
of Columbia. Upon consideration of the mo-
tions, the points and authorities of the United
States and the District of Columbia in sup-
port of and in opposition thereto, and the
arguments of counsel, the motions of the
United States and the District of Columbia
for Summary Judgment shall be GRANTED
for the reasons set forth herein. Under the
circumstances, all claims are DISMISSED
with prejudice.[1]

Summary judgment is appropriate only
where there are no genuine issues as to any
material fact. Fed.R.Civ.P. 56(c). In ruling
on a motion for summary judgment, the
court views the evidence in the light most
favorable to the nonmoving party, drawing
any justifiable inferences in favor of the non-
movant. *Bayer v. United States Department
of Treasury,* 956 F.2d 330, 333 (D.C.Cir.
1992). Although the court assumes the truth
of the nonmovant's evidence, *see id.,* the non-
moving party can not simply rest upon the
allegations stated in its pleadings and must
come forward with the specific facts that
demonstrate that there is a genuine issue for
trial. Fed.R.Civ.P. 56(e); *Celotex v. Catrett,*
477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91
L.Ed.2d 265 (1986).

As set forth more fully in the pleadings,
plaintiff alleges that she was injured on May
2, 1989 when she slipped and fell on a side-
walk located in front of a bus stop at 50
Massachusetts Avenue, N.E., in the District
of Columbia. Plaintiff claims that the Dis-
trict of Columbia owns, maintains, and regu-

---

1. The Court is not persuaded by plaintiff's argu-
ment that the law of the case doctrine precludes
consideration of the United States' renewed mo-
tion for summary judgment. *See Williamsburg*
*Wax Museum v. Historic Figures, Inc.,* 810 F.2d
243, 251 (D.C.Cir.1987) ("A subsequent motion
for summary judgment based on an expanded
record is always permissible".).

lates the surface and sidewalk on which she fell, and that her fall was a direct and proximate result of the District's negligence in maintaining the sidewalk with reasonable care. The District of Columbia and the United States, however, contend that the property on which plaintiff fell has been owned and maintained by the United States since 1982, when jurisdiction over the property was transferred to the United States from the District of Columbia. Plaintiff argues in response that the District retains *primary* responsibility for maintaining streets and sidewalks in a reasonably safe condition even when the street or sidewalk in question is owned by the United States. *See Conner v. United States,* 309 F.Supp. 446 (D.D.C.1970), *aff'd,* 461 F.2d 1259 (D.C.Cir.1972); *Leary v. District of Columbia,* 166 F.Supp. 542 (D.D.C.1958). The Court is not persuaded.

Here the Court's analysis is guided by an express statutory provision that provides for the transfer of jurisdiction between the United States and the District of Columbia. D.C.Code § 8–111, previously codified at § 8–115 of the D.C.Code, *see* D.C.Code § 8–115 (1973), provides:

> Federal and District authorities administering properties within the District of Columbia owned by the United States or by the said District are authorized to transfer jurisdiction over parts or all of such properties among or between themselves **for purposes of administration and maintenance** under such conditions as may be mutually agreed upon: Provided, that prior to the consummation of any transfer hereunder such proposed transfer shall be recommended by the National Planning Commission: Provided further, that the Mayor shall submit to the Council for approval by resolution any proposed transfer of jurisdiction of property pursuant to this section: Provided further, that all such transfers and agreements shall be report-

ed to Congress by the District authorities concerned.

D.C.Code Annotated § 8–111 (1981) (emphasis added). As reflected in exhibits submitted by the parties and as discussed during the motions hearing on June 19, 1995, the property on which plaintiff fell was ceded to the United States for park purposes pursuant to a transfer of jurisdiction effected in December 1982 in accordance with the previously enacted D.C.Code § 8–115 and Resolution 4–638 enacted by the Council of the District of Columbia on October 19, 1982.[2] *See* Plaintiff's Opposition to the United States' Renewed Motion for Summary Judgment, Exhibit S; United States' Renewed Motion for Summary Judgment, Exhibit E ("Deposition of Charles F. Williams, Exhibit 1"). Resolution 4–638 provides:

> RESOLVED, BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this resolution may be cited as the "Transfers of Jurisdiction at Union Station Plaza of 1982."

> Sec. 2. Pursuant to section 1 of An Act To authorize the transfer of jurisdiction over public land in the District of Columbia, approved May 20, 1932 (47 Stat. 161; D.C.Code, sec. 8–115), the District of Columbia government accepts the transfer of jurisdiction from the National Park Service to the District of Columbia for highway purposes, and approves the transfer of jurisdiction from the District of Columbia to the National Park Service for park purposes, of areas shown in the records of the District of Columbia as part of Reservation 334, at Union Station Plaza, Massachusetts Avenue, N.E., and 1st Street, N.E., as shown on the plat (S.O. 79–429) on file in the Office of the Surveyor of the District of Columbia.

> Sec. 3. The Secretary of the Council of the District of Columbia shall transmit a copy of this resolution, upon its adoption,

**2.** Pursuant to D.C.Code § 1–229(a) (1981), "[r]esolutions shall be used [by the D.C. Council] (1) to express simple determinations, decisions, or directions of the Council of a special or a temporary character; and (2) to approve or disapprove proposed actions of a kind historically or traditionally transmitted by the Mayor, the Board of Elections, Public Service Commission,

Armory Board, Board of Education, the Board of Trustees of the University of the District of Columbia, or the Convention Center Board of Directors to the Council pursuant to an act. Such resolutions must be specifically authorized by that act and must be designed to implement that act."

to the Mayor of the District of Columbia; to the Surveyor of the District of Columbia; to the Speaker of the United States House of Representatives; to the President Pro Tempore of the United States Senate; to the Director of the National Park Service; and to the Regional Director of the National Capital Parks, National Park Service.

Sec. 4. This resolution shall take effect immediately.

49 D.C.Reg. 47 (1982).

It is clear from the language of the D.C.Code § 8–115, now codified at D.C.Code § 8–111, and Resolution 4–638 that no concurrent jurisdiction and maintenance responsibilities were intended to result from the transfer of U.S. Reservation 334. Further, as indicated by the shadings marked by single hatch lines and cross-hatch lines on the plat, plat 79–429, copies of which appear in the record, unambiguously distinguishes between the land that was transferred to the United States for park purposes and the land that was transferred to the District of Columbia for highway purposes. The aforementioned shaded areas correspond exactly to the legend provided in the description of the transfer provided on the face of the plat.

Additionally, the description of the transfer provided on the plat states that "[t]he District of Columbia shall retain the right to enter upon the area of proposed transfer for the operation, maintenance and replacement, if necessary of the sewer and watermains." As the District of Columbia argues, and the Court agrees, had a broader retention of rights and jurisdiction been intended so as to encompass the maintenance and repair of sidewalks, this retention of jurisdiction would have been accomplished expressly and not by silence, particularly in light of the specifically stated retention of rights. Here, the applicable statutory provision, the Council's governing resolution, and the surveyor's office record of the transfer each reflect an intention to effectuate a complete transfer of jurisdiction for the administration and maintenance over the property on which plaintiff fell.

Moreover, the United States has conceded ownership and maintenance of the area in question, and has demonstrated through uncontroverted evidence in the record that it has exercised exclusive jurisdiction over the area since 1982 and has maintained the area under the auspices of the National Park Service. *See* Declaration of Arnold M. Goldstein; Deposition of Charles S. Williams. While the United States' ownership and exercise of exclusive jurisdiction over the area where plaintiff sustained her injuries might otherwise present triable issues of liability and notice, and thereby preclude summary judgment, here plaintiff did not bring the instant action against the United States, suing instead only the District of Columbia. Furthermore, it is undisputed that plaintiff has not otherwise presented a tort claim directly against the United States for the injuries she sustained in 1989. Thus, under these circumstances, this Court would not have jurisdiction over plaintiff's claims if they were brought against the United States. *See* 28 U.S.C. § 2401(b). In the absence of a genuine issue as to any material fact, and it appearing that the United States is entitled to judgment as a matter of law, plaintiff cannot withstand the third-party defendant's motion for summary judgment.[3]

Accordingly, it is this *29th* day of June, 1995, hereby

ORDERED, that the Motions of the United States and the District of Columbia for Summary Judgment are GRANTED, and judgment shall be entered in favor of the United States and the District of Columbia; and it is

FURTHER ORDERED, that plaintiff's claim against the District of Columbia and the United States shall stand DISMISSED with prejudice, there being no cognizable basis in law for allowing plaintiff's claims

---

3. Even assuming, *arguendo,* that D.C.Code §§ 7–101 and 7–102 mandate some sidewalk repair and maintenance responsibilities to the District of Columbia, the plain and ordinary language of those sections does not pertain to sidewalks that "belong to" or are "under the care of" the United States.

against the District of Columbia or the United States to survive.

IT IS SO ORDERED.